UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DERRICK MICHAEL STANBERRY,**<br>    Plaintiff,<br><br>v.<br><br>**KAY IVEY, et al.,**<br>    Defendants. | **Case No. 2:22-cv-525-CLM-HNJ** |

## MEMORANDUM OPINION AND ORDER

The magistrate judge has entered a report, recommending the dismissal of this case without prejudice under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted and frivolity. (Doc. 21). The magistrate judge further recommended the court deny as moot Plaintiff Derrick Michael Stanberry's motion for three judge court (doc. 14), motion for service of process (doc. 16), and motion to amend complaint to add defendant Pope Francis (doc. 20). Stanberry has objected to the report and recommendation. (Doc. 24).

In his objections, Stanberry argues the magistrate judge incorrectly analyzed his equal protection claim, (*id.* at 5–8), and his amended complaint states a plausible claim for relief, (*id.* at 1, 2, 5, 8).[1] The court addresses each argument in turn.

---

[1] Stanberry also objects to the magistrate judge's report and recommendation because "the Magistrate Judge in this case, and the U.S. Government as a whole, is a party to this suit." (Doc. 24 at 1, 3). Stanberry's assertion lacks merit as he did not name the Magistrate Judge or the U.S. Government as a party to this suit. (*See* Doc. 13 at 1, 3–6). Similarly, Stanberry's conclusory allegation that the Magistrate Judge "refus[ed] to be impartial in evaluating the facts" lacks any basis in the record. (*See* Doc. 24 a 2). An adverse ruling doesn't provide sufficient grounds for doubting a judge's impartiality. *See United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).

### A. Equal Protection Claim

In support of his equal protection claims, Stanberry relies on allegations that Alabama lawmakers at the 1901 Constitutional Convention conspired to remove the equal protection language from Alabama's 1825 Constitution "with racially discriminatory intent for purposes of perpetuating racism, hatred[,] disenfranchisement and to judicially penalize people of African descent more severely than white citizens." (Doc. 24 at 6; *see generally* Doc. 24 at 2, 5–8, 11). As the magistrate judge correctly set forth in his report and recommendation:

> A claim under the equal protection clause requires a plaintiff to demonstrate that (1) he stands similarly situated to other individuals who received more favorable treatment from the defendant; and (2) the defendant discriminated against him based on race, religion, national origin, or some other constitutionally protected basis. *See Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001) (citing *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir.1986) (per curiam)). Stanberry fails to allege any of the named defendants treated similarly situated individuals more favorably than Stanberry due to Stanberry's race. (*See* Doc. 13).

(Doc. 21 at 7–8). As a result, Stanberry's equal protection claims warrant dismissal.

Stanberry may be seeking the invalidation of Alabama's 1901 Constitution based on allegations of discriminatory intent. (Doc. 24 at 2). The Supreme Court has invalidated a disenfranchisement provision of the 1901 Constitution finding that it was based on racial animus. *See Underwood v. Hunter*, 471 U.S. 222, 233 (1985). But the Supreme Court did not invalidate the entire 1901 Constitution. And "[t]his lower court refuses to do what the Supreme Court of the land did not do." (Doc. 21 at 7 (quoting Doc. 33 at 2–3 in Case No. 18-144)).[2]

---

[2] In 2018, Stanberry filed a nearly identical equal protection claim against the State of Alabama and Governor. *See Derrick Michael Stanberry v. State of Alabama, et al.*, 4:18-cv-144-KOB-SGC (N.D. Ala. 2018). Stanberry objects to the magistrate judge's reliance on this case because it "was not fully adjudicated on the merits[.]" (Doc. 24 at 11). The magistrate judge used the same reasoning to recommend dismissing Stanberry's claims here because his claims suffer from the same deficiency as the equal protection claims Stanberry asserted in his first case. (Doc. 21 at 6–8). The magistrate judge

### B. Frivolity

The court concludes, as did the magistrate judge, that Stanberry based his remaining claims on "allegations unfortunately born of delusion." (*See* Doc. 21 at 10–11; *see also* Doc. 24 at 6 ("Plaintiff asserted two physical injuries inflicted in connection with the conspiracy employed by the Defendants . . . to enable them to hear as he communicates with God in his mind resulting in the constitutional violations asserted by the Plaintiff.")).

Even if Stanberry stated a plausible claim for relief in his amended complaint (*see* doc. 24 at 1, 2, 5, 7–8), this court has the discretion to dismiss plausible claims based on delusional factual allegations. *See Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cirl. 2016) (affirming district court's dismissal of a complaint which included "fanciful, fantastic, irrational, and/or delusional" allegations as frivolous even though allegations in complaint "could be characterized as stating a claim under § 1983 because, if taken as true, they allege violations of [plaintiff's] rights by government officials"); *Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013) (district court did not abuse its discretion in dismissing complaint as frivolous when plaintiff alleged that "high-level government officials . . . implanted microchips into her body that caused tumors and tissue damage" and that the "microchips were used to conduct biomedical research regarding her reproductive system, to track her movements, and to cause her pain"). Under this standard, the court finds it appropriate to dismiss Stanberry's remaining claims because they result from his belief that (1) the named defendants practice Freemasonry, and act together as part of a global religious conspiracy; and (2) the named defendants implanted devices in his left ankle and right wrist which monitor his every thought. (*See* Doc. 13 at 10–12, 19–20, 26–27).

---

did not recommend dismissal of Stanberry's equal protection claims only because the court had dismissed similar claims raised by Stanberry. (*Id.*). So Stanberry's objection lacks merit.

—

After considering the entire record, including the magistrate judge's report and Stanberry's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), the court will **DISMISS** this case **WITHOUT PREJUDICE** for failure to state a claim and frivolity. The court will also **DENY AS MOOT** Stanberry's motion for three judge court (doc. 14), motion for service of process (doc. 16), and motion to amend complaint to add defendant Pope Francis, (doc. 20).

The court will enter a separate final judgment that closes this case.

**Done** and **Ordered** on March 7, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE